| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **18-CI-00194**<br>Court:   **CIRCUIT**<br>County: **GRANT** |

*Plantiff,* **MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL**, *Defendant*

TO:   **JUDGE EXECUTIVE STEPHEN WOOD**
     **101 NORTH MAIN STREET**
     **WILLIAMSTOWN, KY 41097**

Memo: Related party is GRANT COUNTY

The Commonwealth of Kentucky to Defendant:
**GRANT COUNTY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                  /s/ Tina Melton, Grant Circuit Clerk
                                  Date: **06/22/2018**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                                                          Served By

                                                          Title

Summons ID: 10713257887357@00000086935
CIRCUIT: 18-CI-00194 Certified Mail
MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL



Page 1 of 1



Package: 000002 of 000016    Presiding Judge: HON. LESLIE KNIGHT (615355)    Package : 000002 of 000016

EXHIBIT B

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>07/16/2018 09:10:19 AM<br>Case #: **18-CI-00194**<br>03270-1<br>Court: **CIRCUIT**<br>County: **GRANT** |

*Plantiff,* **MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL**, *Defendant*

TO: **GRANT COUNTY ANIMAL SHELTER**
   **218 BARNES ROAD**
   **WILLIAMSTOWN, KY 41097**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tina Melton, Grant Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. LESLIE KNIGHT (615355)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____          Served By _____

                                    Title _____

---

Summons ID: @00000086931
CIRCUIT: 18-CI-00194 Certified Mail
MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL



Page 1 of 1

**eFiled**

CI : 000001 of 000001

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | **NOT ORIGINAL DOCUMENT**<br>**07/16/2018 09:11:30 AM**<br>Case #: **18-CI-00194**<br>03270-1<br>Court:  **CIRCUIT**<br>County:  **GRANT** |

*Plantiff,* **MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL**, *Defendant*

TO:  **KATHLEEN RITZI**
  **218 BARNES ROAD**
  **WILLIAMSTOWN, KY 41097**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

  /s/ Tina Melton, Grant Circuit Clerk
  Date: **06/22/2018**

Presiding Judge: HON. LESLIE KNIGHT (615355)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____

  _____
  Served By

  _____
  Title

Summons ID: @00000086933
CIRCUIT: 18-CI-00194 Certified Mail
MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL



Page 1 of 1

eFiled

CI : 000001 of 000001

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | **NOT ORIGINAL DOCUMENT**<br>**07/16/2018 09:19:58 AM**<br>Case #: **18-CI-00194**<br>03270-1<br>Court: **CIRCUIT**<br>County: **GRANT** |

*Plantiff,* **MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL**, *Defendant*

TO:  **JUDGE EXECUTIVE STEPHEN WOOD**
     **101 NORTH MAIN STREET**
     **WILLIAMSTOWN, KY 41097**

Memo: Related party is GRANT COUNTY ANIMAL SHELTER

The Commonwealth of Kentucky to Defendant:
**GRANT COUNTY ANIMAL SHELTER**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tina Melton, Grant Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. LESLIE KNIGHT (615355)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        Served By _____

                                        Title _____

Summons ID: @00000086936
CIRCUIT: 18-CI-00194 Certified Mail
MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL



Page 1 of 1

eFiled

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>07/16/2018 09:19:19 AM<br>Case #: 18-CI-00194<br>03270-1<br>Court:  **CIRCUIT**<br>County: **GRANT** |

*Plantiff,* **MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL**, *Defendant*

TO: **JUDGE EXECUTIVE STEPHEN WOOD**
**101 NORTH MAIN STREET**
**WILLIAMSTOWN, KY 41097**

Memo: Related party is GRANT COUNTY

The Commonwealth of Kentucky to Defendant:
**GRANT COUNTY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tina Melton, Grant Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. LESLIE KNIGHT (615355)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____       Served By _____

Title _____

Summons ID: @00000086935
CIRCUIT: 18-CI-00194 Certified Mail
MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL



Page 1 of 1

eFiled

CI : 000001 of 000001

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **18-CI-00194**<br>Court: **CIRCUIT**<br>County: **GRANT** |

NOT ORIGINAL DOCUMENT
07/16/2018 09:15:30 AM
03270-1

*Plantiff*, **MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL**, *Defendant*

TO:  **JUDGE EXECUTIVE STEPHEN WOOD**
     **101 NORTH MAIN STREET**
     **WILLIAMSTOWN, KY 41097**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Tina Melton, Grant Circuit Clerk
Date: **06/22/2018**

Presiding Judge: HON. LESLIE KNIGHT (615355)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: @00000086934
CIRCUIT: 18-CI-00194 Certified Mail
MICHAELS, PATRICIA VS. GRANT COUNTY ANIMAL SHELTER, ET AL



Page 1 of 1

eFiled

CI : 000001 of 000001

Filed        18-CI-00194   06/22/2018        Tina Melton, Grant Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## GRANT COUNTY CIRCUIT COURT
## DIVISION _____
## CASE NO. _____

**PATRICIA MICHAELS**
9350 Dixie Highway
Corinth, Kentucky 41010

          **Plaintiff**

v.

**GRANT COUNTY ANIMAL SHELTER**  :   **COMPLAINT WITH JURY DEMAND**
**218 Barnes Road**
Williamstown, Kentucky 41097

Serve:   Judge Executive Stephen Wood
         101 North Main Street
         Williamstown, Kentucky 41097

**GRANT COUNTY**
**101 North Main Street**
Williamstown, Kentucky 41097

Serve:   Judge Executive Stephen Wood
         101 North Main Street
         Williamstown, Kentucky 41097

**KATHLEEN RITZI**
Both individually and in her official capacity
As Grant County Animal Shelter Director
**218 Barnes Road**
Williamstown, Kentucky 41097

and

**JUDGE EXECUTIVE STEPHEN WOOD**
Both individually and in his official capacity
As Grant County Judge Executive
**101 North Main Street**
Williamstown, Kentucky 41097

          **Defendants**

Package: 000003 of 000016

Presiding Judge: HON. LESLIE KNIGHT (615355)

Package : 000003 of 000016

Filed        18-CI-00194   06/22/2018        Tina Melton, Grant Circuit Clerk

Comes now the Plaintiff, Patricia Michaels, through counsel, and for her Complaint against Defendants states as follows:

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Patricia Michaels, is a permanent resident at 9350 Dixie Highway, Corinth, Kentucky, and is a resident and citizen of Kentucky.

2. At all times relevant hereto, Defendant, Stephen Wood has served as Grant County Judge Executive in Williamstown, Grant County, Kentucky. Upon information and belief, at all times relevant hereto, Defendant Wood, who acted in both his individual and official capacity, resides in Grant County, Kentucky and is a resident of Kentucky.

3. Plaintiff was employed by the Defendant Grant County Animal Shelter in Grant County, Kentucky, and the practices complained of herein all occurred in Grant County, Kentucky.

4. At all times relevant hereto, Defendants, Grant County Animal Shelter and Grant County operate in Grant County, Kentucky, and are employers within the meaning of KRS §344, et seq.

5. At all times relevant hereto, Defendant is an employer within the meaning of KRS §337, et seq. and KRS 344, et seq.

6. At all times relevant hereto, Plaintiff was an employee within the meaning of KRS §337, et seq. and KRS §344, et seq.

7. The amount in controversy exceeds the minimum jurisdictional amount of the Grant Circuit Court.

Filed         18-CI-00194    06/22/2018        Tina Melton, Grant Circuit Clerk

8. The jurisdiction of this Court over Defendant, Stephen Wood and Defendants, Grant County Animal Shelter and Grant County, is based upon their actions and contacts within the Commonwealth of Kentucky.

9. Venue is appropriate in Grant County as a majority of the acts complained of herein occurred in Grant County, Kentucky.

## FACTS RELEVANT TO ALL CLAIMS

10. Plaintiff is a female.

11. Plaintiff is 68 years old, and was the oldest employee at GCAS. Plaintiff has some age related knee problems.

12. Defendant Stephen Wood was elected Judge Executive of Defendant Grant County in 2014 and started his position as Judge Executive in January 2015.

13. Grant County Fiscal Court hired Plaintiff at the Grant County Animal Shelter (hereinafter "GCAS") in Williamstown, Kentucky on or around April 19, 2012. Initially, Plaintiff worked at GCAS through Northern Kentucky Community Action Commission (hereinafter "NKCAC"). The program Plaintiff worked through was a training program for seniors, and she worked approximately ten to twenty hours per week.

14. On or around April 20, 2016, Grant County Fiscal Court hired Plaintiff as a part time employee, paying her approximately $11.00/hour. On or around July 3, 2016, Grant County Fiscal Court hired Plaintiff as a permanent part time employee and gave her a pay raise to $11.17 per hour. At this juncture, Plaintiff's hours stayed the same, but GCAS gave her more responsibilities. Upon her hire, Plaintiff was issued a computer at work. Later, management made Plaintiff an "administrator" to its Facebook page. Management assigned Plaintiff a work area and a computer to execute her work duties.

Filed                18-CI-00194   06/22/2018           Tina Melton, Grant Circuit Clerk

15. In late 2016, GCAS staffed only three employees including Plaintiff. Grant County Fiscal Court promised Plaintiff they would hire more staff, but they never did. GCAS Director Marsha Chaney continually asked Grant County Fiscal Court for more staff, but Grant County Fiscal Court repeatedly denied those requests.

16. In or around January/February 2017, Director Chaney went on medical leave. Now, Plaintiff and Kathleen Ritzi (current GCAS Director) were the only ones working and available GCAS employees.

17. On or around April 3, 2017, Director Chaney stopped by the shelter to say she was returning to work. Around this time, Kathleen Ritzi went out on medical leave. On or around April 4, 2017, Director Chaney returned from medical leave. Again, only two employees (Plaintiff and Director Chaney) were operating GCAS.

18. On or around April 5, 2017, Director Chaney was injured at work. On or around April 7, 2016, Director Chaney again went out on medical leave. At this point, Plaintiff was the only working and available GCAS employee. Plaintiff was still permanent part time, but was working approximately sixty to seventy (60-70) and sometimes more hours every week, and was only claiming twenty two (22) hours a week because this was all the Grant County Fiscal Court would allow her to claim. Plaintiff was never paid for many of the hours she worked. Plaintiff reported the exorbitant number of hours worked to the Fiscal Court, but no action was taken. Specifically, Plaintiff requested the Fiscal Court, including Judge Executive Wood and Pat Conrad, pay her for all the hours worked and asked them to provide her with help at GCAS. Despite numerous requests the Fiscal Court never took any action. For approximately twenty eight (28) straight days, Plaintiff worked seven days a week from opening until closing, and sometimes after hours. Plaintiff was never paid for all the hours she worked.

19. Furthermore, Kentucky state policy requires animal shelters be open to the public at minimum twenty-four (24) hours per week. Based on this alone, Plaintiff had to work at least twenty-four (24) hours a week, which is already more hours required of Plaintiff than Grant County Fiscal Court was willing to pay her.

20. On or around April 13, 2017, Judge Wood came to the GCAS to inquire regarding whether there was animosity between Director Chaney and Kathleen Ritzi. Plaintiff told Judge Wood that she was not privy to any such animosity and that he should talk to Director Chaney and Kathleen about their relationship. At this time, Plaintiff again asked for hired help at the GCAS. Judge Wood did not provide Plaintiff any help, but he did make Plaintiff a full time employee. Despite being made full time, Plaintiff still was working more than forty (40) hours per week, and was frequently not paid for those extra hours worked. Plaintiff was still working approximately sixty to seventy (60-70) hours per week.

21. During her employment, Judge Wood and Deputy Judge Executive Pat Conrad made highly inappropriate and illegal comments about Plaintiff. While the exact dates of some of these comments are not known, the following comments were made about Plaintiff prior to Grant County Judge Executive Stephen Wood terminating her employment, including but not limited to the following:

- Stephen Wood stated to Marsha Chaney, "I'm tired of having handicapped people at the shelter that have to take two to three months off", or some similar statement.

- At some time during Marsha Chaney's FMLA leave in 2017, Ms. Chaney had a conversation about Plaintiff on the telephone with Deputy Judge Executive Pat Conrad. During this conversation, Pat Conrad stated to Ms. Chaney, "Why don't you fire Pat Michaels and hire a man?" or some similar question. Ms. Chaney responded, "Two reasons, loyalty and God. If the Fiscal Court wants Pat Michaels fired then the Fiscal Court will have to fire her because I will not fire her", or some similar statement

- The February 14, 2015 video of a meeting between Judge Wood and Jailer Hankins and others, which was shown through numerous media outlets, shows Judge Wood's propensity to discriminate based on age, physical appearance, disability and gender.

22. On or around June 26, 2017, Kathleen Ritzi returned from medical leave. On or around July 1, 2017, Director Chaney called Plaintiff and informed her there was a June 26, 2017 email from the Fiscal Court requiring Plaintiff be placed back on "permanent part time". On or around July 6, 2017, Judge Wood came to the shelter. Plaintiff expressed to Judge Wood that she should have been given more notice about the change in her status. Judge Wood denied any knowledge of the change. Furthermore, Plaintiff did not understand why she was being put back as part time because she was told by Judge Wood that she would remain full time until *both* Ms. Ritzi and Ms. Chaney returned to the shelter.

23. As mentioned in paragraph 13, Management assigned Plaintiff to maintain GCAS's Facebook page. In order to access and maintain the shelter's Facebook page, Plaintiff was required to log in to her personal Facebook page then open the shelter's page as an Administrator. It is important to note that Facebook has an electronic messaging program. In order to access Facebook's electronic messaging program, certain steps have be taken. Furthermore, Plaintiff did not access her Facebook personal messaging program while she was at work at the shelter. On or around July 11, 2017, Plaintiff shut down/logged out of the shelter's Facebook page and went home at the end of a workday. On this particular date, Kathleen Ritzi proceeded to get on Plaintiff's computer, click out of the animal shelter Facebook page and into Plaintiff's personal Facebook page. She then clicked into and accessed Plaintiff's personal messaging on Facebook. Kathleen Ritzi then scrolled through Plaintiff's personal and private messaging until she found messages about her. None of the messages were sent during work hours and none of the messages were sent to Kathleen Ritzi. Kathleen Ritzi then went to Judge Executive Wood and brought him to the shelter to show him the highly private and personal messages. Judge Wood proceeded to scroll through the messages and illegally access such. In addition to

invading Plaintiff's privacy, the sensitive information obtained from her personal Facebook messaging account was disclosed to other employees and non-employees.

24. On or around July 12, 2017, Judge Wood met Plaintiff at her car when she pulled up to work at the GCAS. Judge Wood told Plaintiff her services were no longer needed. Plaintiff inquired as to why Judge Wood was terminating her. Judge Wood told Plaintiff, "You posted something about me on Facebook and I didn't like it. By the way, my name is Wood not Woods", or some similar statement. Despite Plaintiff explaining to Judge Wood that she never posted anything about him on Facebook, he still terminated Plaintiff. Plaintiff asked for Judge Wood to show her proof, but Judge Wood never did. Judge Wood rudely tried to slam Plaintiff car door in her face. Plaintiff went into the GCAS, gathered her personal items, turned in her keys and phone, and left.

25. Soon after GCAS and Judge Wood terminated Plaintiff, GCAS and Judge Wood hired two male employees, Eddie Brinegar and Zachary Sharkey. Both Eddie Brenigar and Zachary Sharkey are much younger than Plaintiff.

26. Following Defendant Wood's termination of Plaintiff in July 2017, Kathleen Ritzi thereafter continued to retaliate against Plaintiff by making highly inappropriate and injurious statements about Plaintiff on social media, including trolling Plaintiff and Plaintiff's candle business on Facebook, and causing irreparable harm to Plaintiff's budding candle making business.

27. Grant County and Judge Wood retaliated after Plaintiff's termination by contesting her Kentucky Unemployment Insurance benefits. During the Unemployment benefit proceedings, Judge Wood and others blatantly lied about Plaintiff to try to prevent her from obtaining benefits.

28. As a result, Plaintiff has suffered and is continuing to suffer significant damages. In addition to the humiliation of having personal and private details disclosed, we have reason to

Package:000009 of 000016
Presiding Judge: HON. LESLIE KNIGHT (615355)
Package : 000009 of 000016

Filed         18-CI-00194    06/22/2018        Tina Melton, Grant Circuit Clerk

believe that this disclosure has interfered with Plaintiff's ability to secure work elsewhere in Grant County. Traditionally, Plaintiff has had no difficulty finding work. However, in the months since her private messages were disclosed, Plaintiff has not been offered a single job.

## COUNT I
### Age Discrimination Under KRS § 344

29. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

30. Defendant took adverse employment actions against Plaintiff due to her age, which was 68 at the time of her termination, in violation of Kentucky's Civil Rights Act, KRS § 344.040, et seq.

31. Defendant's termination of Plaintiff was motivated by Plaintiff's age, which was 68 at the time of her termination, in violation of Kentucky's Civil Rights Act, KRS § 344.040, et seq.

32. As a direct and proximate result of Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

## COUNT II
### Retaliation Under KRS § 344

33. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

34. Once Plaintiff complained to Defendant of the illegal hostile work environment, Defendant took numerous retaliatory acts against Plaintiff, including terminating her.

Package:000010 of 000016        Presiding Judge: HON. LESLIE KNIGHT (615355)        Package : 000010 of 000016

35. As a direct and proximate result of Defendant's conduct herein, Plaintiff has suffered a loss of income and benefits, severe emotional distress and mental anxiety, all for which she should be compensated.

### COUNT III
### Failure to Pay Wages in Violation of Fair Labor Standards Act

36. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

37. Plaintiff was paid on an hourly basis.

38. Plaintiff was not paid all her earned hourly wages.

39. Plaintiff was not paid an overtime premium for all hours worked over 40 in a work week.

40. Defendant was aware that Plaintiff was working far more hours than she was being paid.

41. Furthermore, Defendant was aware that Plaintiff worked significantly more than 40 hours per week, but was not receiving overtime compensation for hours worked in excess of 40 per week.

42. Defendant knew or should have known it was required to pay Plaintiff overtime pay.

43. Defendant was aware that Plaintiff was not paid for all of her hourly wages worked.

44. Defendant knew or should have known it did not pay Plaintiff for all of her hourly wages worked.

45. Accordingly, Plaintiff was forced to work more than 40 hours per week without overtime compensation, and Plaintiff was not paid all of her earned wages. As a result, Plaintiff

Filed          18-CI-00194   06/22/2018          Tina Melton, Grant Circuit Clerk

has been damaged, entitling Plaintiff to remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

## COUNT IV
### Retaliation in Violation of Fair Labor Standards Act

46.     Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

47.     Plaintiff made complaints to Defendant's management that she was not being paid her hourly wage for all of her hours worked.

48.     Upon Plaintiff's complaints about not being paid her hourly wages, she was met with retribution including but not limited to harassment, a blunt refusal by Management and Defendant Wood to pay Plaintiff earned wages, and was discharged from her employment by Defendant because she complained about violations of the Fair Labor Standards Act.

49.     Accordingly, Defendant retaliated against Plaintiff for her complaints about its violations of the Fair Labor Standards Act. As a result, Plaintiff has been damaged, entitling Plaintiff to remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

## COUNT V
### Unfair Wage and Hour and Employment Practices in Violation of KRS 337, et seq.

50.     Plaintiff herein incorporates the allegations set forth above as if fully restated herein.

51.     Defendant has failed and refused to provide requisite lunch period and break periods to Plaintiff to which she is entitled, in violation of KRS § 337 et seq.

52.     Plaintiff frequently worked in excess of 40 hours per week, but Defendant did not pay such wages, and did not pay such wages at a rate of time and a half.

Filed    18-CI-00194    06/22/2018    Tina Melton, Grant Circuit Clerk

53. Defendant frequently failed to pay Plaintiff for all time worked in violation of KRS § 337.020.

54. Defendant frequently withheld Plaintiff's earned wages in violation of KRS § 337.060.

55. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages for which she should be compensated.

## COUNT VI
### Invasion of Privacy

56. Plaintiff herein incorporates the allegations set forth above as if fully restated herein.

57. As an employer that had issued Plaintiff a workstation computer that was password protected and which allowed Plaintiff to use the computer to administer its social media, Defendants, including Stephen Wood and Kathleen Ritzi, had a duty to Plaintiff to take reasonable measures to protect personal and confidential information contained on such computer.

58. Defendants breached that duty when Defendants knowingly and purposefully accessed Plaintiff's workstation computer to view her private electronic messaging communications.

59. As a direct and proximate result of Defendants' intentional and tortious invasion of Plaintiff's privacy, Defendants failed to prevent disclosure of confidential information, including but not necessarily limited confidential information contained on a password protected work-issued computer. Furthermore, Defendants based Plaintiff's termination on the information they accessed illegally.

Filed            18-CI-00194    06/22/2018              Tina Melton, Grant Circuit Clerk

## COUNT VII
### Violation of Stored Communications Act (18 U.S.C. § 2701, et seq.)

60. Plaintiff herein incorporates the allegations set forth above as if fully restated herein.

61. One or more of the Defendants, intentionally and without authorization or exceeding any authorization obtained, accessed Plaintiff's private electronic communications in violation of 18 U.S.C. § 2701(a).

62. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and is continuing to suffer actual damages, including but not limited to lost wages and emotional distress and anxiety, all for which she is entitled to recover.

63. Pursuant to 18 U.S.C. § 2707(d) and because Defendants' violation of 18 U.S.C. § 2701(a) was willful or intentional, Plaintiff is also entitled to recover punitive damages and the costs of pursuing this action, including reasonable attorney fees and costs.

## COUNT VIII
### Tortious Interference with a Business Relationship/Opportunities

64. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

65. Plaintiff was in the process of starting a candle company.

66. Defendants knew that Plaintiff was starting a valid business.

67. One or more of the Defendants intentionally and improperly interfered with the business Plaintiff had started.

68. As a direct and proximate result of Defendants' intentional and tortious interference with Plaintiff's business opportunities, Plaintiff has suffered a loss of income and

benefits, and emotional distress and mental anxiety, for all of which she should receive both compensatory and punitive damages.

## COUNT IX
### Defamation by Slander/Libel

69. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

70. Defendants in the past and presently harm Plaintiff's good name, character and reputation through the publication of false, injurious statements about Plaintiff to third parties.

71. As a direct and proximate result of the Defendants' conduct described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress, mental anxiety and irreparable damage to Plaintiff's good name, character and reputation, for all of which she should be compensated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a. For all compensatory and punitive damages with respect to statutory and tort claims;

b. For an award of reasonable costs and attorney's fees; and

c. For any and all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,

BONAR, BUCHER & RANKIN, PSC

/s/ Barbara D. Bonar
Barbara D. Bonar
Anthony J. Bucher
3611 Decoursey Avenue
Covington, Kentucky 41015
859-431-3333 (office)
859-392-3900 (fax)
Attorneys for Plaintiff

Filed          18-CI-00194     06/22/2018           Tina Melton, Grant Circuit Clerk

## JURY DEMAND

Plaintiff herein demands a trial by jury.

/s/ Barbara D. Bonar
Barbara D. Bonar

Filed          18-CI-00194     06/22/2018    14   Tina Melton, Grant Circuit Clerk

Package: 000016 of 000016
Presiding Judge: HON. LESLIE KNIGHT (615355)
Package: 000016 of 000016