UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-121-DLB-CJS

PATRICIA MICHAELS                                                        PLAINTIFF

V.                      **MEMORANDUM ORDER**

GRANT COUNTY ANIMAL SHELTER, ET AL.                  DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Defendants' Partial Motion to Dismiss. (Doc. # 5). More specifically, Defendants move for dismissal of all Counts against Defendant Grant County Animal Shelter, as well as Counts VI and VIII against all Defendants, Count IX against all Defendants except Kathleen Ritzi in her individual capacity, and Counts I and V against Stephen Wood and Kathleen Ritzi in their individual capacities. *Id.* at 1. The motion is ripe for review (*See* Docs. # 8 & 9). The Court, having reviewed the briefing on the Motion and supporting documentation, determines that the Motion shall be **granted in part** and **denied in part** for the reasons set forth below.

"When a plaintiff 'fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'" *Purefide v. Thompson*, 12-cv-66-GFVT, 2014 WL 4661955, at \*2 (E.D. Ky. Sept. 18, 2014) (quoting *Scott v. Tennessee*, 878 F.2d 382, at \*2 (6th Cir. 1989) (unpublished table decision)). Here, Plaintiff Michaels "fail[ed] to respond or to otherwise oppose" Defendants' Motion to Dismiss all Counts against Defendant Grant County Animal

1

Shelter, Count IX against all defendants except Kathleen Ritzi in her individual capacity, and Counts I and V against Stephen Wood and Kathleen Ritzi in their individual capacities. *See Scott*, 878 F.2d at *2; (Doc. # 8). Accordingly, Plaintiff waived opposition to those aspects of the Motion and the Motion to Dismiss as to those Counts and Defendants will be **granted.**

The only portion of the Motion to Dismiss that Plaintiff contests, albeit nominally, is Defendants' Motion to Dismiss Counts VI and VIII—the invasion of privacy and tortious interference with a business relationship claims. (Doc. # 8 at 3). In the portion of her brief discussing these Counts "Plaintiff respectfully requests leave to amend her complaint" in light of the fact that this case was removed from state court and the federal court system uses a higher pleading standard.[1] *Id.* In view of Plaintiff's request, the Court will permit Plaintiff to file a formal Motion to for Leave to Amend her Complaint.[2] Following ruling on Plaintiff's Motion for Leave to File an Amended Complaint, Defendants are free to re-file their Motion to Dismiss as to the remaining Counts if they so choose.

Accordingly, **IT IS ORDERED** as follows:

(1) Defendants' Partial Motion to Dismiss (Doc. # 5) is **GRANTED IN PART AND DENIED IN PART**;

---

[1] Kentucky still only requires notice pleading. *Hardin v. Jefferson Cnty. Bd. of Educ.*, 558 S.W.3d 1, 9 (Ky. Ct. App. 2018). "All that is necessary is that a claim for relief be stated with brevity, conciseness and clarity." *Id.* (quoting *Nat. Resources and Environmental Protection Cabinet v. Williams*, 768 S.W.2d 47, 51 (Ky. 1989). The federal pleading standard is higher; "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] The Court requests that Plaintiff attach her proposed Amended Complaint with her Motion for Leave to Amend. In that proposed Amended Complaint, the Court specifically requests that the Plaintiff make clear which remaining claims are being brought against which defendants.

(a) The Motion is **GRANTED** as to **all Counts against Defendant Grant County Animal Shelter**, **Count IX (defamation) against all defendants except Kathleen Ritzi in her individual capacity**, and **Counts I (Age Discrimination) and V (Unfair Wage and Hour and Employment Practices) against Stephen Wood and Kathleen Ritzi in their individual capacities**;

(b) The Motion is **DENIED WITHOUT PREJUDICE** as to **Counts VI (Invasion of Privacy)** and **VIII (Tortious Interference with a Business Relationship)**; and

(2) Plaintiff **shall have twenty (20) days** from the entry of this Order to file a formal Motion for Leave to File an Amended Complaint. The briefing on that motion will be consistent with LR 7.1(c).

This 14th day of February, 2019.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov2018\18-121 PMTD.docx